MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ROBERTO FERMIN, FRANCISCO PENA,
FAUSTO GONZALEZ, and LEONARDO
GONZALEZ, *individually and on behalf of*            **07 CV 7012**
*others simiarly situated*,

      *Plaintiffs*,     **COMPLAINT**

  -against-

COMMUNITY PARKING INC.,                              **ECF Case**
COMMUNITY PARKING GARAGE INC.,
BRONX PARKING INC., BRONX
PARKING, BRONX PARKING SYSTEMS
INC., EASY PARKING, EASY PARKING
SYSTEMS INC., and MARIO PENA,

      *Defendants.*
------------------------------------------------------X

  Plaintiffs Roberto Fermin, Fransisco Pena, Fausto Gonzalez, and Leonardo Gonzalez, individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., allege upon information and belief of the Defendants, as follows:

**NATURE OF ACTION**

  1. Plaintiffs are current and former parking lot attendants of Community Parking Inc., Community Parking Garage Corp., Bronx Parking Inc., Bronx Parking, Bronx Parking Systems Inc., Easy Parking, Easy Parking Systems Inc., and Mario Pena (collectively referred to as "Defendants"), which are owned and operated by Mario Pena.

2. Defendant Corporations, by and through their owner, operate a chain of parking lots in New York City.

3. Defendant Corporations are owned and operated by individual Defendant Mario Pena ("Defendant Pena").

4. At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring their parking lot attendants to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

5. Plaintiffs now bring this action on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq*., and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.).

6. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

7. Plaintiffs seek further certification on behalf of themselves and a class of other similarly situated current, former, and future individuals who worked for Defendants in the state of New York, pursuant to Fed. R. Civ. Proc. 23.

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

**JURISDICTION AND VENUE**

8.  This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (interstate commerce).  Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

9.  Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. Defendant Corporations reside in this district and Plaintiffs were employed by Defendants in this district.

**THE PARTIES**

*Plaintiffs*

10.  Roberto Fermin ("Plaintiff Fermin") is an adult individual residing in New York County, New York.   Plaintiff Fermin has been employed by Defendants from approximately 1999 through the present.  Plaintiff Fermin has always worked from 6 a.m. to 6 p.m. (or 6 p.m. to 6 a.m.), six days a week.  From approximately January 2001 to July 2001, Plaintiff Fermin received a weekly salary of $225 per week; from approximately July 2001 to December 2001, Plaintiff Fermin received a weekly salary of $280 per week; from approximately January 2002 through June 2007, Plaintiff Fermin received a weekly salary of $325 per week; and from approximately June 2007 to the present, Plaintiff Fermin receives a weekly salary of $440.  In addition to his weekly salary, Plaintiff Fermin collects an average of $90 in weekly tips.  Plaintiff Fermin has worked at the 1560 Jermone Avenue, Bronx, NY 10452 and 1522 Jerome Avenue, Bronx, NY 10452, and currently works at 1484 Jerome Avenue, Bronx, NY 10452.

11.  Francisco Pena ("Plaintiff Pena") is an adult individual residing in Bronx County, New York.   Plaintiff Pena has been employed by Defendants from approximately 1996 through

PDF Creator - PDF4Free v2.0                              http://www.pdf4free.com

the present. Plaintiff Pena has always worked from 6 a.m. to 6 p.m. (or 6 p.m. to 6 a.m.), six days a week. From approximately January 2001 to January 2007, Plaintiff Pena received a weekly salary of $425 per week; from approximately January 2007 through the present, Plaintiff Fermin receives a weekly salary of $475 per week. In addition to his weekly salary, Plaintiff Fermin collects an average of $90 in weekly tips. Plaintiff Fermin has always worked at the 1484 Jerome Avenue, Bronx, NY 10452.

      12.      Fausto Gonzalez ("Plaintiff Gonzalez") is an adult individual residing in Bronx County, New York. Plaintiff Gonzalez has been employed by Defendants from approximately April 2002 through the present. Plaintiff Gonzalez began working from 6 a.m. to 6 p.m. (or 6 p.m. to 6 a.m.), five days a week. From approximately April 2002 through November 2006, Plaintiff Gonzalez received a weekly salary of $350 per week; from approximately November 2006 through the present, Plaintiff Gonzalez's schedule was reduced to 6 a.m. to 6 p.m. (or 6 p.m. to 6 a.m.), two days a week. Plaintiff Gonzalez now receives a weekly salary of $150. In addition to his weekly salary, Plaintiff Gonzalez currently collects an average of $30 in weekly tips. Plaintiff Gonzalez has always worked at 286 Diamond Street, New York, NY 11222, 1484 Jerome Avenue, Bronx, NY 10452, and currently at 1560 Jerome Avenue, Bronx, NY 10452.

      13.      Leonardo Gonzalez ("Plaintiff Leonardo") is an adult individual residing in Bronx County, New York. Plaintiff Leonardo has been employed by Defendants from approximately July 2003 through the present. Plaintiff Leonardo has always worked from 6 a.m. to 6 p.m. (or 6 p.m. to 6 a.m.), six days a week. From approximately July 2003 to December 2006, Plaintiff Leonardo received a weekly salary of $325 per week; from approximately January 2007 through the present, Plaintiff Leonardo receives a weekly salary of $350 per week. In addition to his

PDF Creator - PDF4Free v2.0                                                        http://www.pdf4free.com

weekly salary, Plaintiff Leonardo collects an average of $90 in weekly tips.  Plaintiff Leonardo has always worked at the 1560 Jerome Avenue, Bronx, NY 10452.

*Defendants*

14. Defendant Community Parking Inc. is a corporation organized and existing under the laws of the State of New York.  Community Parking Inc., which operates parking lots located at 1484 Jerome Avenue, Bronx, NY 10452, 1560 Jerome Avenue, Bronx, NY 10452, and 286 Diamond Street, New York, NY 11222, maintains its corporate headquarters at 1484 Jerome Avenue, Bronx, NY 10452.

15. Defendant Community Parking Garage Corp. is a corporation organized and existing under the laws of the State of New York.  Community Parking Garage Corp. operates a parking lot and maintains its corporate headquarters at 1829 Jerome Avenue, Bronx, NY 10453.

16. Defendant Bronx Parking Inc. is a corporation organized and existing under the laws of the State of New York.  Bronx Parking Inc., operates a parking lot and maintains its corporate headquarters at 1484 Jerome Avenue, Bronx, NY 10452.

17. Defendant Bronx Parking is a corporation organized and existing under the laws of the State of New York.  Bronx Parking operates a parking lot and maintains its corporate headquarters at 1752 Morris Avenue, Bronx, NY 10457.

18. Defendant Bronx Parking Systems Inc. is a corporation organized and existing under the laws of the State of New York.  Bronx Parking Systems Inc. operates a parking lot and maintains its corporate headquarters at 2425 Sedgwick Avenue, Bronx, NY 10468.

19. Defendant Easy Parking, is a corporation organized and existing under the laws of the State of New York.  Easy Parking operates a parking lot and maintains its corporate headquarters at 1484 Jerome Avenue, Bronx, NY 10452.

PDF Creator - PDF4Free v2.0                                      http://www.pdf4free.com

20. Defendant Easy Parking Systems Inc., is a corporation organized and existing under the laws of the State of New York. Easy Parking Systems Inc. operates a parking lot and maintains its corporate headquarters at 1560 Jerome Avenue, Bronx, NY 10452.

21. Defendant Mario Pena is an individual engaged in business in the City and County of New York. Defendant Pena, who is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations, possesses operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages of the parking lot attendants, and makes hiring decisions.

## STATEMENT OF FACTS

*Defendant Corporations Constitute Joint Employers*

22. Community Parking Inc., Community Parking Garage Corp., Bronx Parking Inc., Bronx Parking, Bronx Parking Systems Inc., Easy Parking, Easy Parking Systems Inc. are shell corporations controlled by the same owner, or owner group, operating as a unified operation.

23. Defendant Corporations are associated and joint employers, utilizing Plaintiffs in a fungible and interchangeable manner as parking lot attendants between the parking lots operated by the Defendant Corporations.

24. Defendant Corporations share the same employees among them, act in the interest of each other with respect to employees, pay their employees by the same method and in the same amount, share control over the employees, and are themselves under common control.

25. Upon information and belief, Defendant Pena is the owners and/or executive directors of the Defendant Corporations.

PDF Creator - PDF4Free v2.0    http://www.pdf4free.com

26. At all relevant times, Defendant Pena employed and/or jointly employed the Plaintiffs.

27. The gross annual volume of sales made or business done by Defendant Corporations, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Defendants' General Compensation and Employment Practices*

29. At all times relevant to this action, Plaintiffs worked as attendants in parking lots owned and/or operated by Defendants. As such, Plaintiffs' work was involved with or related to the movement of goods for interstate commerce.

30. Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

31. Defendants willfully disregard and purposefully evade recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

32. Defendants paid Plaintiffs wholly in cash, without providing an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week. At no time did Plaintiffs receive a W-2 or payment slip.

PDF Creator - PDF4Free v2.0                                        http://www.pdf4free.com

33. Plaintiffs could not leave the parking lot unattended and as a result, were required to work their entire 12-hour shift without receiving a meal break. Instead, Plaintiffs had to sneak off the parking lot to buy food and eat it as they ran back to work.

34. Defendants denied Plaintiffs time off for meals and breaks in violation of New York State Labor Law § 162.2. Plaintiffs received neither a thirty-minute break for lunch, nor an additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M.

35. At no time during the course of this action did Plaintiffs ever observe on Defendants' premises any posted notice regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations or the procedures for filing a charge for violations of these state and federal labor laws.

## FLSA COLLECTIVE ACTION CLAIMS

36. On information and belief, there are over 15 current and former employees that are similarly situated to Plaintiffs who have been denied minimum wage and overtime compensation while working for Defendants.

37. The named Plaintiffs are representative of these other parking lot attendants who work for Defendants and are acting on behalf of their interests as well as their own interest in bringing this action:

   a. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of minimum wage and overtime

PDF Creator - PDF4Free v2.0                              http://www.pdf4free.com

pay in violation of the Fair Labor Standards Act, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Defendants.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

38. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

39. Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the state of New York, on or after the date that is six years before the filing of the complaint in this case, August 2001, to entry of judgment in this case (the "New York Class Period"), as travel agency or money wire employees. All said persons, including Plaintiffs, are referred to herein as the "New York Class."

40. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately 100 members of the New York Class during the New York Class Period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

41. The representative parties will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

PDF Creator - PDF4Free v2.0      http://www.pdf4free.com

42. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

43. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

44. The claims of Plaintiffs are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the Named Plaintiffs were and are typical of those of class members.

45. There are questions of law and fact common to the New York Class which predominate over any questions solely affecting individual members of the Class, including:

    a. what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

    b. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

    c. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

PDF Creator - PDF4Free v2.0	http://www.pdf4free.com

  d. whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

  e. whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

  f. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

  g. common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

**FIRST CAUSE OF ACTION**
**Minimum Wage Act Under the FLSA**

46. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

47. At all times relevant to this action, Plaintiffs were engaged in interstate commerce in an industry or activity affecting commerce.

48. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

49. Defendant Corporations constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

50. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

51. Plaintiffs have been damaged in an amount to be determined at trial.

PDF Creator - PDF4Free v2.0  http://www.pdf4free.com

**SECOND CAUSE OF ACTION**
**Overtime Wage Order Under the FLSA**

1. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

2. Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

3. Plaintiffs have been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**Minimum Wage Act Under the NYLL**

52. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

53. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

54. Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

55. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

56. Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**Overtime Wage Order Under the NYSLL**

57. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

PDF Creator - PDF4Free v2.0    http://www.pdf4free.com

58. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

59. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

60. Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**Spread of Hours Wage Order**

4. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

5. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

6. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs in excess of ten hours was willful within the meaning of NYLL § 663.

7. Plaintiffs have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

(b) Designating this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 to all putative class members for applicable claims under New York Labor Law;

(c) Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

(d) Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

(e) Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

(f) Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(g) Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

(h) Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

(i) Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

(j) Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

(k) Awarding Plaintiffs and the punitive class prejudgment interest;

PDF Creator - PDF4Free v2.0                                          http://www.pdf4free.com

(l)     Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

(m)    Awarding Plaintiffs and the punitive class members liquidated damages in an amount equal to minimum and overtime wage orders, as well as the spread of hours pay pursuant to 29 U.S.C. § 216(b);

(n)    Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

(o)    Awarding Plaintiffs and the punitive class prejudgment interest;

(p)    Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 30, 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
    Michael A. Faillace, Esq. [MF-8436]
    110 East 59th Street, 32nd Floor
    New York, New York 10022
    (212) 317-1200
    *Attorneys for Plaintiffs*

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com