BARNES IACCARINO VIRGINIA
AMBINDER AND SHEPHERD, PLLC
James Emmet Murphy, Esq. (JM7481)
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO FERMIN, FRANCISCO PENA, FAUSTO GONZALEZ, and LEONARDO GONZALEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>COMMUNITY PARKING INC., COMMUNITY PARKING GARAGE INC., BRONX PARKING INC., BRONX PARKING, BRONX PARKING SYSTEMS INC., EASY PARKING, EASY PARKING SYSTEMS INC., and MARIO PENA,<br><br>Defendant. | 07 CV 7012 (LAP)<br><br>**ANSWER**<br><br>(FILED VIA ECF) |

Defendants, by their attorneys Barnes, Iaccarino, Virginia, Ambinder, & Shepherd, PLLC, answer the Complaint herein as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 2 thereof.

2. Deny the allegations contained in paragraph 3 through 4.

3. To the extent the allegations in paragraphs 5 through 9 require a legal conclusion or state a claim for relief, no response is required; to any other extent, deny the allegations contained in paragraphs 5 through 9.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 through 13.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, except admit that Defendant Community Parking Inc. is a corporation organized under the laws of the State of New York.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, except admit that Defendant Community Parking Garage Corp. is a corporation organized under the laws of the State of New York.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, except admit that Mario Pena is an individual engaged in business in the City of New York.

13. Deny the allegations contained in paragraphs 22 through 30.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 31 through 32.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

16. Deny the allegations contained in paragraphs 34 through 39.

17. To the extent the allegations in paragraphs 40 through 41 and 26 through 33 require a legal conclusion or state a claim for relief, no response is required; to any other extent, deny the allegations contained in paragraphs 40 through 41[1] and 26 through 33.

### AS TO THE FIRST CLAIM FOR RELIEF

18. To the extent the allegations in paragraphs 34 through 37 require a legal conclusion or state a claim for relief, no response is required; to any other extent, deny the allegations contained in paragraphs 34 through 37.

19. Deny the allegations contained in paragraphs 38 through 39.

### AS TO THE SECOND CLAIM FOR RELIEF

20. To the extent the allegations in paragraph 40 requires a legal conclusion or states a claim for relief, no response is required.

21. Deny the allegations contained in paragraphs 41 through 42.

### AS TO THE THIRD CLAIM FOR RELIEF

22. To the extent the allegations contained in paragraphs 43 through 44 require a legal conclusion or state a claim for relief, no response is required; to any other extent, deny the allegations contained in paragraphs 43 through 44.

23. Deny the allegations contained in paragraphs 45 through 47.

### AS TO THE FOURTH CLAIM FOR RELIEF

---

[1] Defendants' Complaint appears to be misnumbered, following paragraph 41.

24. To the extent the allegations in paragraph 48 requires a legal conclusion or states a claim for relief, no response is required.

25. Deny the allegations contained in paragraphs 49 through 51.

### AS TO THE FIFTH CLAIM FOR RELIEF

26. To the extent the allegations in paragraph 52 requires a legal conclusion or states a claim for relief, no response is required.

27. Deny the allegations contained in paragraphs 53 through 55.

### AS TO THE SIXTH CLAIM FOR RELIEF

28. To the extent the allegations in paragraphs 56 through 58 require a legal conclusion or state a claim for relief, no response is required.

29. Deny the allegations contained in paragraphs 59 through 60.

### FIRST AFFIRMATIVE DEFENSE

30. The Complaint fails to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

31. The claims asserted against Defendants in the Complaint are barred by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

### THIRD AFFIRMATIVE DEFENSE

32. The claims asserted against Defendants in the Complaint are barred by the applicable statutes of limitations

### FOURTH AFFIRMATIVE DEFENSE

33. Plaintiffs have failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

34. Upon information and belief, Plaintiffs have been paid in full for any and all labor, material, equipment, and/or services provided.

### SIXTH AFFIRMATIVE DEFENSE

35. Some or all of the named Plaintiffs never rendered any services to some or all Co-Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

36. Plaintiffs have received all compensation to which they were entitled.

### EIGHTH AFFIRMATIVE DEFENSE

37. Some or all of the named defendants may not be employers within the meaning of the New York Labor Law or applicable Federal Statutes.

### NINTH AFFIRMATIVE DEFENSE

38. Some or all of the claims stated are barred by full release.

### TENTH AFFIRMATIVE DEFENSE

39. This Court lacks jurisdiction over the subject matter of this litigation and the parties hereto.

### ELEVENTH AFFIRMATIVE DEFENSE

40. The Complaint fails to state a case of actual controversy between the parties.

### TWELFTH AFFIRMATIVE DEFENSE

41. This action must be dismissed due to insufficient service of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

42. The Plaintiffs, in whole or in part, are exempt from the minimum wage and / or overtime requirements of the laws cited in the complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

43.     The Plaintiffs' Fair Labor Standards Act ("FLSA") claims against the Defendants are barred to the extent that the Defendants were not Plaintiffs' employer as defined under the FLSA.

### FIFTEENTH AFFIRMATIVE DEFENSE

44.     The Plaintiffs can not recover some or all of the damages they claim because, in accordance with 29 U.S.C. § 260, the Defendants at all times acted in good faith and believed that their conduct was not in violation of any State or Federal statutes.

### SIXTEENTH AFFIRMATIVE DEFENSE

45.     To the extent that the Plaintiffs can establish that the Defendants are liable under FLSA, the Plaintiffs' recovery must be limited because the Defendants did not act willfully.

### SEVENTEENTH AFFIRMATIVE DEFENSE

46.     Some or all of Plaintiffs' claims under New York State law are preempted by applicable Federal law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiffs have failed to establish some or all of the necessary requirements to prosecute this action as a collective action under 29 U.S.C. § 216(b).

### NINETEENTH AFFIRMATIVE DEFENSE

48.     Plaintiffs have failed to establish some or all of the necessary requirements to prosecute this action as a class action under FRCP Rule 23.

### TWENTIETH AFFIRMATIVE DEFENSE

49.     Any act or omission on the part of the Defendants was in good faith and they had reasonable grounds for believing that such acts or omissions were not in violation of and were in conformity with FLSA, New York Labor Law, written

administrative regulations, orders, rulings, approvals, or interpretations of the United States Department of Labor and the New York State Department of Labor, and, therefore, some or all of the claims in the Complaint are barred.

### TWENTY FIRST AFFIRMATIVE DEFENSE

50. The Plaintiffs' Complaint fails to state a claim upon which liquidated damages or attorneys' fees may be awarded.

### TWENTY SECOND AFFIRMATIVE DEFENSE

51. The Defendants are entitled to a set-off with respect to every Plaintiff for monies paid to any particular Plaintiff.

### TWENTY THIRD AFFIRMATIVE DEFENSE

52. The potential class is not numerous

### TWENTY FOURTH AFFIRMATIVE DEFENSE

53. The questions of law or fact are not common to the potential class.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

54. The Claims or defenses of the parties are not typical of the claims or defenses of the potential class.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

55. The interests of the potential class will not be fairly and adequately protected.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

56. The Plaintiffs are not similarly situated with those they allege are potential members of a class.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

57. The Plaintiffs are not adequate representatives of the putative class members.

## TWENTY NINTH AFFIRMATIVE DEFENSE

58. The Complaint is barred, in whole or in part, because the named and opt-in Plaintiffs cannot establish they are similarly situated for the purposes of 29 U.S.C. § 216(b).

## THIRTIETH AFFIRMATIVE DEFENSE

59. The Complaint is barred, in whole or in part, because the named and opt-in Plaintiffs have failed to satisfy the statutory pre-requisites to proceed collectively under 29 U.S.C. § 216(b).

## THIRTY FIRST AFFIRMATIVE DEFENSE

60. There does not exist a class of persons who are similarly situated to the Plaintiffs with respect to the application of FLSA.

## THIRTY SECOND AFFIRMATIVE DEFENSE

61. This action cannot be maintained as a class action under Federal Rule of Civil Procedure 23 with respect to claims under the New York Labor Law. Individual issues predominate over common issues, and the claims of the named Plaintiffs are not typical of those of other putative class members.

## THIRTY THIRD AFFIRMATIVE DEFENSE

62. This action cannot be maintained as a class action under Federal Rule of Civil Procedure 23. Upon information and belief, the named Plaintiffs lack standing to assert injury as a result of Defendants' actions.

## THIRTY FOURTH AFFIRMATIVE DEFENSE

63. Plaintiffs' claims for liquidated damages under the New York Labor Law cannot be maintained as a class action.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

64. The Plaintiffs' minimum wage and overtime claims are not appropriate collective action claims and may not be certified to proceed as a collective action pursuant to 29 U.S.C. § 216.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

65. The causes of action herein have been waived and / or are barred by reason of the Plaintiffs' failure to give proper and timely notice to the Defendants of their claims.

### THIRTY SEVENTH AFFIRMATIVE DEFENSE

66. Any damages alleged in this action (if any are in fact sustained) were caused by the acts or omissions of others, including the Plaintiffs, for which the Defendants have no legal responsibility or culpability.

### THIRTY EIGHTH AFFIRMATIVE DEFENSE

67. This action is barred, in whole or in part, as a result of the Plaintiffs' own wrongful and dilatory conduct and their own actions or inactions.

### THIRTY NINTH AFFIRMATIVE DEFENSE

68. Plaintiffs are precluded from receiving any relief by virtue of their own fraudulent conduct.

### FORTIETH AFFIRMATIVE DEFENSE

69. Plaintiffs cannot maintain both a collective action and a class action in the same lawsuit.

### FORTY FIRST AFFIRMATIVE DEFENSE

70. The Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herin upon discovery of further information and investigation into the Plaintiffs' claims. These additional defenses cannot be articulated at this time due to the Plaintiffs' failure to properly describe their claims with sufficient particularity in the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, with prejudice, along with awarding Defendants' attorneys fees, costs, and disbursements of this action, along with such other and further relief the Court deems appropriate.

Dated: New York, New York
      November 28, 2007

                              BARNES IACCARINO VIRGINIA
                              AMBINDER AND SHEPHERD, PLLC

                              By:_____/s_____
                                  James Emmet Murphy (JM 7481)
                                  111 Broadway
                                  Suite 1403
                                  New York, New York 10004
                                  (212) 943-9080
                                  *Attorneys for Defendants*